# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **JUDITH GARNER**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. |
| | ) |
| **VENDTECH-SGI, LLC** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant VendTech-SGI, LLC ("Defendant" or "VT-SGI") hereby gives notice of the removal of this action to this Court from the Circuit Court of St. Louis City.  Defendant removes this action because there is complete diversity of citizenship between Plaintiff Judith Garner ("Plaintiff" or "Garner") and Defendant VT-SGI and the amount in controversy exceeds $75,000.  In support of its Notice of Removal, Defendant VT-SGI states as follows:

## THE STATE COURT ACTION

1. On or about December 10, 2019, Plaintiff Garner filed a civil action against Defendant VT-SGI in the Circuit Court of St. Louis City, State of Missouri.

2. On December 23, 2019, Defendant VT-SGI was served with a Summons and copy of Plaintiff's Petition, which are attached hereto, pursuant to 28 U.S.C. § 1446(a), as Exhibit A.  On December 23, 2019, Defendant VT-SGI was also served with a CD containing Plaintiff's First Interrogatories and Plaintiff's First Request for Production of Documents, which are attached hereto, pursuant to 28 U.S.C. § 1446(a), as Exhibits B and C, respectively.  Exhibits A, B and C constitute all process, pleadings, and orders served on VT-SGI in this action.

3. This Notice of Removal is timely because it is filed within the 30-day period prescribed by 28 U.S.C. §§ 1441 and 1446.

4. This action arises of out Plaintiff Garner's employment with Defendant VT-SGI. *See* Exhibit A.

5. In her Petition, Plaintiff Garner alleges she was harassed, discriminated against, retaliated against, and ultimately discharged by Defendant VT-SGI on or about August 7, 2018, all allegedly because of her sex (female), her disability (small hands) and because she allegedly sought accommodations for her small hands and had made complaints of discrimination and harassment, all in alleged violation of the Missouri Human Rights Act, Chapter 213, RSMo.

6. This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a)(1).

7. Removal to this Court is appropriate because this action is pending in the Circuit Court of St. Louis City, State of Missouri, which is located within the Eastern District of Missouri, Eastern Division. 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

8. Plaintiff is a citizen of the State of Missouri. Exhibit A, ¶ 6.

9. Defendant VendTech-SGI, LLC is a limited liability company, organized under the laws of the State of Kansas, with its principal place of business in the State of Kansas. Defendant VT-SGI has two members, Patricia Marvil and Curtis Whitten. *See* Exhibit D.

10. Patricia Marvil resides in and is a citizen of the State of Virginia and has her principal place of business in the State of Virginia. *See* Exhibit D.

11. Curtis Whitten resides in and is a citizen of the State of Kansas and has his principal place of business in the State of Kansas. *See* Exhibit D.

12. Defendant VT-SGI is a citizen of the states of Kansas and Virginia.

## AMOUNT IN CONTROVERSY

13. While Plaintiff does not specifically plead the amount of damages that she is seeking, alleging only that her damages exceed $25,000, the amount in controversy here exceeds $75,000.

14. Plaintiff, who was discharged on or about August 7, 2018, seeks damages consisting of lost wages and benefits, decreased business opportunities, emotional pain and suffering, inconvenience, loss of enjoyment and quality of life, mental anguish (past and future), as well as other compensatory damages and punitive damages. Plaintiff also seeks frontpay, attorney's fees and costs. *See* Exhibit A, ¶90, as well as "Wherefore" paragraph.

15. Where "…a fact-finder could legally conclude…that the damages that the plaintiff suffered are greater than $75,000.00," the District Court has subject matter jurisdiction. *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002). Courts consider compensatory damages, as well as punitive damages, in determining the amount in controversy. *Crawford v. F. Hoffman-La Roche Ltd.,* 267 F.3d 760, 766 (8th Cir. 2001) (punitive damages count toward jurisdictional minimum for diversity jurisdiction).

16. Plaintiff's last rate of pay was $26.54 per hour, plus a Health and Welfare factor of $4.75 per hour, which totaled $31.29 per hour. *See* Exhibit D. Therefore, if Plaintiff prevails at trial, eighteen (18) months from now, Plaintiff's back wages alone could exceed $150,000.

17. In addition, past employment cases under the MHRA have resulted in punitive damages awards in excess of $75,000. *See, e.g., Denesha v. Farmers Insurance Exchange*, 161 F.3d 491, 504 (8th Cir. 1998) ($700,000 in punitive damages); *Williams v. Trans States Airlines, Inc.*, 281 S.W.3d 854 (Mo. Ct. App. 2009) ($325,000 in punitive damages).

18. Based upon the allegations in Plaintiff's Petition, the amount in controversy exceeds $75,000.

19. Because the diversity requirements under § 1332(a)(1) are satisfied, this action is removable under § 1441(a).

## NOTICE PROVIDED TO PLAINTIFF AND STATE COURT

20. Pursuant to 28 U.S.C. § 1446(d), Defendant VT-SGI has given written notice of its filing of this Notice of Removal to counsel for Plaintiff.  On the same date as this Notice of Removal was signed, Defendant VT-SGI served by mail a copy of this Notice of Removal upon Plaintiff's counsel at the address set forth in the Petition.

21. On the same date as this Notice of Removal was filed, Defendant also filed a copy of this Notice of Removal with the Circuit Court of St. Louis City, State of Missouri, the court in which this action was commenced and pending at the time this Notice of Removal was filed with this Court.

WHEREFORE, VendTech-SGI, LLC respectfully requests that the above-entitled action now pending against it in the Circuit Court of St. Louis City, State of Missouri, be removed therefrom to this Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PC.

*/s/ Robert W. Stewart*
Robert W. Stewart, #24870MO
Samuel W. Newman, #69443MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone: 314.827.3427
Facsimile: 314.802.3936
robert.stewart@ogletreedeakins.com
samuel.newman@ogletreedeakins.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 17, 2020, a copy of the foregoing, with all Exhibits, was served by first class mail, postage prepaid, and email to plaintiff's counsel of record:

    Kevin J. Kasper
    Ryan P. Schellert
    3930 Old Hwy 94 South-Suite 108
    St. Charles, MO 63304
    KevinKasper@KasperLawFirm.net
    RyanSchellert@KasperLawFirm.net

    ATTORNEYS FOR PLAINTIFF

*/s/ Robert W. Stewart*

41290007.1